HOBSON, Justice (Ret.)
On May 28th, 1962, a complaint was filed by The Florida Bar against the respondent, Hal H. McCaghren. He was charged with professional misconduct in four counts:
“(a) Respondent connived to have an adulterous act committed between William DeSarro and Pearl R. Daly on or about October 13, 1959, at 258 Mira Flores Drive in Palm Beach, Florida, for the purpose of obtaining evidence to be used in a divorce proceeding on behalf of his client, Francis A. Daly, the husband of the said Pearl R. Daly.
“(b) In the alternative, respondent passively allowed or permitted his client, Francis A. Daly, to connive with one William DeSarro to have said William De Sarro commit an adulterous act with Pearl R. Daly, wife of the said Francis A. Daly, said adulterous act having been committed on or about October 13, 1959, at 258 Mira Flores Drive in Palm Beach, Florida, for the purpose of obtaining evidence to be used in a divorce proceeding on behalf of respondent’s client, Francis A. Daly.
“(c) Respondent, having obtained photographic evidence of an apparent adulterous act between one William De Sarro and the said Pearl R. Daly, used such evidence in a chicane manner in order to obtain an advantageous property settlement on behalf of respondent’s client, Francis A. Daly, as against his wife, Pearl R. Daly, at which time respondent knew or should have known that such evidence was obtained by connivance. (Italics supplied.)
“(d) Respondent paid to the said William De Sarro the person respondent alleged committed the adulterous act with his client’s wife, a sum of money totalling $3,750.00 between October 23, 1959, the date respondent filed complaint for divorce on behalf of his client, and November 23, 1959, a few days following the granting of a Final Decree of divorce, which said payments were made under such circumstances that showed deceit, misconduct and a lack of candor and fairness on respondent’s part.”
The Referee appointed to hear this matter found that the respondent was not guilty under counts (a) and (b) of the complaint, but found him guilty on counts (c) and (d). It was the Referee’s recommendation that Mr. McCaghren be suspended *372 from the practice of law for a period of •three months.
The Board of Governors of The Florida Bar,
“ORDERED and ADJUDGED that the respondent, Hal McCaghren, be suspended from the practice of law for a period of three months and thereafter until he shall demonstrate to the Court and to this Board that he is entitled to he reinstated to the practice of law; and that he pay the costs of these proceedings in the amount of $462.54.”
Since the respondent was declared to be innocent of the charges set forth in counts (a) and (b) we are at a loss to understand how he could be guilty of the charges, in foto, contained in counts (c) and (d).
After hearing arguments, carefully considering the briefs and thoroughly studying the record, we are convinced that the respondent was not actually guilty of corruption or active professional misconduct. We are equally certain, however, that he ■did not live up to the high standards which have always obtained for the members of the ancient and honorable profession which we should and do cherish so dearly. He remained silent at several stages of the ■divorce proceedings in the face of red flags which bore indicia of his client’s improper conduct. The respondent should have ■made inquiry of his client concerning the ■suspicious circumstances before carrying 'the divorce suit to its final conclusion.
We are of the opinion that the respondent should be disciplined for his lack of ethical perspicacity and consequent inaction but are of the view that the punishment administered by the Board of Governors is excessive. It is, thereupon,
Ordered that Hal H. McCaghren be and 'he is hereby suspended from the practice ■of law for a period of thirty days commencing ten days from the date of this ■order. Costs of these proceedings in the ■sum of $462.54 are hereby assessed against respondent. Upon the expiration of said thirty day period and the payment of said costs, the respondent shall he reinstated as a member of The Florida Bar without other or further order of this Court.
It is so ordered.
DREW, C. J., and THORNAL, CALDWELL and ERVIN, TJ., concur.