### In re William J. Knight

[281 A.2d 46]

No. 20-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 28, 1971

*Richard E. Davis,* Barre, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Louis P. Peck,* Assistant Attorney General, for the State.

**Per Curiam.** The Attorney General has filed a presentment seeking disciplinary action against the respondent, an attorney. The respondent was an employee of John B. Harrington, a former attorney of this Court, who was convicted of extortion. See *State of Vermont* v. *John B. Harrington,* 128 Vt. 242, 260 A.2d 692 (1969), for factual situation. Harrington was later disbarred by this Court. *In re Harrington,* 128 Vt. 445, 266 A.2d 433 (1970).

The presentment filed by the Attorney General makes no claim that the respondent participated in the extortion attempt by Harrington, but charges him with participating in the planning and the execution of the plan to entrap a libelee in a proposed divorce action in a compromising situation with a young woman hired for the purpose of such entrapment.

This Court appointed a committee, pursuant to 4 V.S.A. § 844, to hear evidence from both the State and the respondent on the matters charged in the presentment, and that committee has made findings of fact for the consideration of this Court.

The findings clearly indicate that the respondent was present when the plans were made for the proposed entrapment, and that he journeyed to New Hampshire where the entrapment took place, and participated in both the electronic eavesdropping and the taking of photographs of the meeting between the possible libelee in the proposed divorce action and the young woman hired by Harrington to effect a compromising situation with the victim. However, the findings are also clear that Harrington, the employer of the respondent, made

the actual plans, directed the actions of the respondent, and berated the respondent to such an extent that the respondent was fearful of losing his employment.

The respondent had been admitted to practice in Vermont in February, 1967. In July, 1967, he went to work for the Harrington firm as an employee, on a weekly salary basis. The events which led to this presentment occurred on or about March 6, 1968, at a time when the respondent had been engaged in the practice of law for about eight months.

The presentment by the Attorney General clearly states that the respondent was not responsible for initiating the plan or for formulating the strategy, for the plan of entrapment and manufactured evidence. Also, plainly set forth is that no claim is made that the respondent knew of, or was involved in, any subsequent attempt to extort money from the victim. What is charged is that the respondent did participate in the scheme and that he knew or should have known of the plan in time to withdraw, and that he did not do so. Such charges are supported by the findings of the commission.

■■ The Court will take this opportunity to express its strong disapproval that evidence of an adulterous act, obtained by connivance, or by entrapment is in any way proper or acceptable. Participation in any such scheme is unprofessional conduct warranting and justifying disciplinary action. The conduct complained of here is unworthy of the high standards of the Bar and of the honorable profession of law. *The Florida Bar, Complainant* v. *Hal H. McCaghren, Respondent,* 171 So.2d 371, 372 (Fla. 1965).

It is true in the instant case that the respondent was a relatively inexperienced attorney and was under the domination of an older and experienced practitioner, possessed of a forceful personality which brooked no interference with his wishes. Admittedly, the scheme to prove adulterous conduct on the part of the prospective libelee was not of respondent's making, and there is considerable doubt that he was fully aware of the full ramifications of the entrapment plan until shortly before the actual enactment of the planned drama, complete with tape recordings and cameras.

However, there came a time when, admittedly, he could have disassociated himself from the plans of his employer and

failed to do so. Inexperienced as he may have been in the actual practice of law at the time of this occurrence, he was a member of the Bar, sworn to uphold high ethical standards, nor could he assign to another his duty to his oath and his conscience to avoid participation in the highly unethical acts in which he played a part, even though that part was of a subordinate nature.

We are of the opinion that the respondent must be disciplined for his unethical conduct, and his inaction, when an opportunity came to disassociate himself from the nefarious plan before its culmination. The State does not ask that the respondent be disbarred, and we agree that considering the mitigating circumstances in the situation of the respondent, such severity would not be justified. However, since the conduct of the respondent cannot be entirely excused or palliated, the following judgment is imposed:

*Judgment that the respondent, William J. Knight, is suspended from the office of attorney at law and solicitor in chancery beginning July 1, 1971, with leave to apply for reinstatement on or after October 1, 1971.*